UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEMENT CAPITAL MANAGEMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELEMENT ETFS, LLC, d/b/a ELEMENT FUNDS,<br><br>Defendant. | Case No.<br><br>**Demand For Jury Trial** |

# COMPLAINT

Plaintiff Element Capital Management LLC ("Plaintiff" or "Element Capital") files this Complaint against Element ETFS, LLC ("Element Funds" or "Defendant"), and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. This is a trademark infringement and unfair competition case. It arises out of Defendant's knowing appropriation of Element Capital's ELEMENT trademark and trade name to offer the same type of services that Plaintiff has been offering for nearly 15 years.

2. Plaintiff is a large, established, global macro hedge fund based in New York with clients located throughout the United States and the world. Since 2007, it has used the tradename Element Capital and the trademarks ELEMENT and ELEMENT CAPITAL, among others, to identify and distinguish its investment fund, asset management, and investment advisory services (the "ELEMENT Marks"). The ELEMENT Marks are well-established and well-known in the investment fund and asset management industries throughout the country and have been for many years.

3. In addition to these common law rights in the ELEMENT Marks by virtue of its continuous use, Plaintiff is also the owner by assignment of U.S. Registration No. 3,730,034 for the mark ELEMENT for "Venture capital funding services to emerging and start-up companies; fund investment consultations; management of a capital investment fund."

4. In late December 2022, almost 15 years after Plaintiff began using the ELEMENT Marks, Defendant announced its new business venture, Element Funds, an investment adviser and fund manager. A press release issued by Defendant on December 29, 2022, stated in pertinent part:

> Element Funds, a new investment firm founded to provide investors institutional quality access to the critical metal inputs at the core of the renewable economy, today announced the launch of its inaugural Element EV, Solar & Battery Materials (Lithium, Nickel, Copper, Cobalt) Futures Strategy ETF (NYSE: CHRG).

Exhibit 1 at 1.

5. In addition to adopting and using ELEMENT, ELEMENT FUNDS, and ELEMENT ETFs, Defendant's website is located at the URL www.elementfunds.com where Defendant repeatedly and prominently refers to itself and states that it provides investment management services under the name "ELEMENT FUNDS."

6. As is detailed below, while Plaintiff is an investment adviser to a hedge fund and Defendant is an investment adviser to an exchange-traded fund ("ETF"), Defendant provides the same or substantially similar services as Plaintiff, *i.e.*, investment advisory services for the operation and management of an investment fund.

7. The claims asserted herein all arise out of and are based on Defendant's misappropriation of Plaintiff's ELEMENT Mark, including as a business name, trade name,

fund name, and domain name. Defendant's use of Plaintiff's marks is likely to cause confusion, mistake, deception, and may lead the public to mistakenly believe that Plaintiff is associated with, or otherwise sponsors or endorses, Defendant's businesses and investment funds. Accordingly, Plaintiff brings claims for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims of trademark infringement and unfair competition under New York common law.

8.  Plaintiff brings this action to permanently enjoin Defendant from using or claiming any rights in ELEMENT or ELEMENT composite marks as a trademark, service mark, trade name or otherwise in connection with their business in order to prevent the irreparable damage to Plaintiff's ELEMENT Marks and to the goodwill that Plaintiff has acquired in those marks, and to seek compensation for damages.

## PARTIES

9.  Plaintiff Element Capital Management LLC is a Delaware limited liability company with headquarters located in New York City.

10.  Defendant Element ETFs, LLC is a Delaware limited liability company with offices at 704 Goodlette Frank Road North, Suite 118, Naples, Florida 34102.

## JURISDICTION AND VENUE

11.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b), as the claims arise under the Lanham Act, 15 U.S.C. §§1051–1127. This Court also has pendent and supplemental jurisdiction over all related state law claims herein in accordance with 28 U.S.C. §1367(a).

12.  Defendant is subject to personal jurisdiction in New York and in this Court

under Section 301 and/or 302 of the New York Civil Practice Laws and Rules because Defendant conducts, transacts, and solicits business in this district, including by listing its Element EV, Solar & Battery Materials (Lithium, Nickel, Copper, Cobalt) Futures Strategy ETF (the "Element ETF") on the New York Stock Exchange, by soliciting investors in this District, by facilitating investments through its website *elementfunds.com* which is accessible to investors in this District, and upon information and belief by engaging in trading activities with broker-dealers in New York and investors in New York that have invested in the Element ETF.  Moreover, because the events giving rise to this Complaint occurred in this state and district and/or had effects in New York and this District, Plaintiff is being harmed in this District.

13. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because many of the acts and practices complained of herein occurred in substantial part in this District, and the Element ETF trades in this District on the New York Stock Exchange, and Plaintiff is suffering harm in this District.

**FACTUAL ALLEGATIONS**

**I.    ELEMENT CAPITAL MANAGEMENT – BUSINESS AND IP RIGHTS**

14. Plaintiff is an investment adviser that operates several investment funds commonly known as hedge funds.  Its headquarters are located in New York City.  Element began conducting its business in 2007 and has been operating continuously since then.  Its flagship fund is the Element Capital Master Fund Limited.

15. In 2012, Plaintiff registered as an investment adviser with the U.S. Securities and Exchange Commission (the "SEC") and as a commodity pool operator with the U.S. Commodity Futures Trading Commission (the "CFTC").

16. Plaintiff has approximately $13 billion in assets under management.  The existing

4

and potential investors in the investment funds managed by Plaintiff are located all over the United States, including in this District.

17. As with most investment funds, including the investments funds managed by Plaintiff and by Defendant, investors purchase shares or equity interests in such investment funds. The assets invested in the fund are managed by the fund manager (commonly referred to in the industry as the investment adviser, investment manager, portfolio manager or simply as the "GP" or general partner), who makes the investment decisions for the fund and also operates and manages the other business activities of the fund (such as engaging custodians, brokers, accountants, auditors, legal counsel, etc.). Both the Plaintiff's and the Defendant's investment funds operate in this manner. Both Plaintiff and Defendant earn a management fee from their respective investment funds, which is a percentage of assets under management within the applicable investment fund. Plaintiff's reputation with investors is a key component in its ability to maintain and raise additional assets for management.

18. Plaintiff primarily pursues a global macroeconomic investment strategy for the investment funds it manages. In support of that strategy, Plaintiff invests in a wide variety of securities, commodities, derivatives, and other investment products. Plaintiff has earned a reputation as one of the top performing hedge fund managers in the world, and has been recognized as a top firm in the asset management industry, having received numerous awards and accolades, including being (a) listed among *Barron's* (a widely distributed, prominent financial publication) annual Top 100 Hedge Funds list eight times since 2011, (b) awarded 2020 "Macro Hedge Fund of the Year" by *Institution Investor* (a prominent finance industry publication), (c) ranked number 10 in a 2019 "Top 60 Hedge Funds Ranking" by 5-Year Annualized Net Returns by the *Wall Street Journal*, (d) awarded 2018 "Fund of the Year" by

5

*Absolute Return* (a prominent finance industry publication) and (e) named a "Best Place to Work in Money Management" by *Pension & Investments* (a prominent finance industry publication) every year since 2019.

19. Plaintiff has publicly promoted its business at its website located at the URL *www.elementcapital.com*. In addition, since 2012, significant information about Plaintiff has been readily available to the public on the SEC's Investment Adviser Public Disclosure website located at *www.adviserinfo.sec.gov*. Plaintiff also maintains a public LinkedIn page at www.linkedin.com/company/element-capital-management/mycompany/ which also provides information about its business. There is also a Wikipedia page at *en.wikipedia.org/wiki/Element_Capital_Management*, that includes links to 38 articles published in widely distributed financial publications referencing Plaintiff.

20. In addition, since 2007, Plaintiff has periodically distributed newsletters to the investors and prospective investors in the investment funds it manages, containing information relevant to these investment funds and containing its views and research on macroeconomic topics and other investment industry matters.

21. Since 2007, Plaintiff has continuously used and developed common law trademark rights in the ELEMENT Marks in conjunction with providing asset management services, including as the name of its signature funds. Plaintiff has expended substantial time and effort in the development and protection of its valuable ELEMENT Marks, and its ELEMENT Marks are well-established and well-known, especially in the investment fund and asset management industries.

22. Plaintiff uses the names ELEMENT and ELEMENT CAPTIAL interchangeably. Financial publications and investors in Plaintiff's funds use both ELEMENT and ELEMENT

CAPITAL to refer to and identify Plaintiff. By virtue of Plaintiff's use of ELEMENT to refer to itself and its services and use of the same by the investment community and the press, the term ELEMENT per se when used in connection with fund management, fund names, and investment advisory services is associated with Plaintiff.

23. Plaintiff has built up strong rights in the ELEMENT Marks , has acquired goodwill in the ELEMENT Marks and the ELEMENT Marks are significant assets of the company.

24. In addition to its common law rights based on use of the ELEMENT Marks since 2007, Plaintiff is the owner by assignment of U.S. Trademark Registration No. 3,730,034 for the mark ELEMENT for "Venture capital funding services to emerging and start-up companies; fund investment consultations; management of a capital investment fund" in International Class 36, which issued in 2009. The assignment was filed with the USPTO on January 5, 2023 and Plaintiff continues to provide the identified fund investment consultation services and fund management services. The registration is valid, subsisting, and in full force and effect, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and serves as conclusive evidence of the validity of the registered mark, of the registration of the mark, and of Plaintiff's exclusive right to use the mark in commerce on or in connection with the services for which the mark is registered, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

25. Plaintiff has diligently enforced its trademark rights in the ELEMENT Marks including sending demand letters to third parties who make unauthorized use of the ELEMENT marks for financial services and has been successful in obtaining agreements to cease use of the ELEMENT Marks.

26. Plaintiff's ELEMENT Marks were in use and Plaintiff had acquired common law rights in and to the ELEMENT Marks long before Defendant commenced the unlawful activities described below.

27. By virtue of Plaintiff's use of ELEMENT to refer to itself and its services and use of the same by the investment community and the press, the term ELEMENT per se and the ELEMENT Marks when used in connection with fund management, fund names, and investment advisory services have acquired substantial value, have become associated exclusively with Plaintiff, and serve to identify Plaintiff exclusively and uniquely as the source of investment services under or bearing the ELEMENT Marks.

## II.  ELEMENT FUNDS INFRINGES ON PLAINTIFF'S MARKS

28. On October 10, 2022, Defendant filed a FORM ADV and registered as an investment adviser with the SEC. *See* Exhibit 2. In this Form, Defendant described its advisory services to be offered under the business name Element Funds as portfolio management for investment companies, services substantially similar to those provided by Plaintiff. And like Plaintiff, according to the Form ADV, Defendant is compensated as a percentage of assets under management. *Id*. at 7.

29. On December 29, 2022, Defendant issued a Press Release announcing that it was commencing business under the business name Element Funds. The press release is entitled "Element Funds Brings Experience Managing $13 Billion in Private Equity Natural Resources Investments to Pure-Play ETF Debut." *See* Exhibit 1. Plaintiff learned of the existence of Defendant's business through this Press Release.

30. According to the Press Release:

Element Funds, a new investment firm founded to provide investors institutional quality access to the critical metal inputs at the core of the renewable economy,

today announced the launch of its inaugural Element EV, Solar & Battery Materials (Lithium, Nickel, Copper, Cobalt) Futures Strategy ETF (NYSE: CHRG).

Exhibit 1 at 1.

31. Moreover, in the Press Release, Defendant describes itself as follows:

Element Funds is an asset manager with more than 70 years combined experience investing in natural resources. We combine proprietary methodologies with extensive domain experience to offer investors actively managed direct and efficient exposure to growth and diversification.

*Id.* at 3.

32. While Defendant is not an investment adviser to a hedge fund, its business is substantially similar to the Plaintiff's business. Like Plaintiff, Defendant solicits investments from investors. Plaintiff's investors purchase shares or equity interests in Element Capital Feeder Fund Limited and Element Capital US Feeder Fund LLC (both of which are feeder funds for Element Capital Master Fund Limited). Defendant's investors purchase shares in the Element EV, Solar and & Battery Materials (Lithium, Nickel, Copper, Cobalt) Futures Strategy ETF, which is a security that is publicly traded on the New York Stock Exchange.

33. Further, just as Plaintiff is the investment adviser of its funds, including the Element Capital Master Fund, Defendant is the investment adviser of its fund Element ETF and makes all investment decisions for that fund.

34. Defendant maintains a website at *www.elementfunds.com* that it uses, among other things, to publicly promote its business and to solicit investments from investors. On this website Defendant promotes itself as offering investors the chance to "Invest in the commodities powering the electric future;" describes the business of Element Funds as an asset manager and states that Element Funds "offer investors actively managed direct and efficient exposures to growth and diversification." Defendant, like Plaintiff, has full discretion over

9

investment decisions for the fund.

35. Defendant also has an "Element Funds" page on LinkedIn where Defendant describes itself as an "Asset Manager providing institutional quality investment access to futures contracts of core commodities powering EVs and the renewable economy." *See* https://www.linkedin.com/company/elementfunds/.

36. On January 9, 2023, Defendant's CEO appeared on Yahoo Finance to advertise and promote Element Funds and solicit investors. *See* Element Funds CEO Explains How To Invest In EV Materials And Batteries, found at https://news.yahoo.com/element-funds-ceo-explains-invest-165927988.html. At least some of the investors courted by Element Funds are the same type of institutional investors that invest with Element Capital.

37. Defendant is using ELEMENT as a mark, trade name, fund name, and otherwise to identify itself for the same type of services for which Plaintiff has long used the ELEMENT Marks. Defendant has not sought or received any license or authorization from Plaintiff for any purpose whatsoever, including for the acts described herein, and in fact Plaintiff has objected to Defendant's use of ELEMENT as a tradename and trademark.

38. Immediately upon learning of Defendant's infringing use of Plaintiff's mark, Plaintiff demanded that Defendant cease and desist from using Plaintiff's marks. Defendant not only refused to cease and desist from using the marks, but Defendant's CEO Will McDonough acknowledged via e-mail that he was aware of Plaintiff's business and brand years before Defendant began using the ELEMENT marks, and suggested he intended to launch more Element branded funds.

39. Further, given that Defendant seeks to provide services in the same industry as Plaintiff, and in light of Plaintiff's long use of the ELEMENT Marks, its award and industry

recognition, the articles and press it has received, at the time that Defendant adopted the ELEMENT mark Defendant was clearly on notice of Plaintiff's use of and rights in the ELEMENT Marks.

40. Defendant is not related to or affiliated with Plaintiff in any way. Further, Defendant has continued to use the ELEMENT name over Plaintiff's clear objections. Defendant's continued unauthorized use of Plaintiff's marks is likely to cause confusion, mistake, and deception among the public, and may lead the public to believe mistakenly that Plaintiff is in some way associated with, or otherwise sponsors or endorses, Defendant's businesses and funds.

41. Defendant's use of "Element Funds," and "Element ETF's" as well as its use of ELEMENT for its fund name and to otherwise identify itself or its services constitutes an encroachment upon Plaintiff's trademark rights. Defendant's use of Plaintiff's marks has caused, and will continue to cause, irreparable harm to Plaintiff.

42. Upon information and belief, Defendants will continue to use the ELEMENT name and mark for their financial services and fund names unless otherwise restrained by the Court.

43. Defendant's use of ELEMENT for and in connection with its investment advisory business unfairly and unlawfully wrests from Plaintiff's control over its trademarks and reputation. Plaintiff has no control over the quality of Defendant's services or the management of Defendant's Element Fund. As a result, Plaintiff's hard-earned reputation is put in jeopardy and may be permanently damaged.

44. Plaintiff has no adequate remedy at law.

## CAUSES OF ACTION

### First Cause of Action

11

**Trademark Infringement Pursuant to Lanham Act (15 U.S.C §1114(1))**

45. The allegations set forth above in Paragraphs 1 through 44 are incorporated by reference and fully set forth herein.

46. Plaintiff owns U.S. trademark registration No. 3,730,034 for the mark ELEMENT for "Venture capital funding services to emerging and start-up companies; fund investment consultations; management of a capital investment fund" in International Class 36, based on a claim of first use of February, 2005 and first use in commerce of February, 2008, which registration issued December 22, 2009, and is incontestable.

47. Defendant uses the confusingly similar trademarks "Element Funds" and "Element ETFs," among others, for investment advisory services for the operation and management of an investment fund.

48. Plaintiff solicits and has investors in New York and throughout the United States, the same places that Defendant solicits investments from investors.

49. By virtue of Plaintiff's undisputed prior rights in the ELEMENT Marks and its registration therefor, the similarity in the parties' marks, the overlap in the parties' services and consumers, and Defendant's notice of Plaintiff's prior rights, Defendant's use of the marks "Element Funds," "Element ETFs", and other ELEMENT marks is likely to cause and will continue to cause confusion or mistake among the relevant public, or is likely to deceive consumers into believing that Defendant or its funds or services are affiliated with, authorized by, sponsored by, approved by, endorsed by, or otherwise connected with Plaintiff or its services or funds.

50. Defendant's acts constitute trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## Second Cause Of Action
### Federal Unfair Competition 15 U.S.C. §1125(a))

52.     Plaintiff restates and reavers the allegations of Paragraphs 1 through 51, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

53.     Defendant's use of Plaintiff's "ELEMENT" tradenames and trademarks constitutes false designation of origin and false representation with respect to the origin of Defendant's services.  Defendant's use of ELEMENT in connection with its fund name and investment advisory services is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, sponsorship, or association of Defendant with Plaintiff and is likely to create the false impression that Defendant is affiliated with Plaintiff or that its services are authorized, sponsored, endorsed, licensed by, managed by, or affiliated with Plaintiff. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     As a result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount to be determined according to proof at trial.

55.     Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## Third Cause of Action
### Trade Mark Infringement and Unfair Competition Under New York Common Law

56.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

57. Upon information and belief, Defendant's use of Plaintiff's ELEMENT Marks as part of Defendant's trademarks and trade names, including Defendant's use of "Element Funds" and "Element ETFs," is with full knowledge of Plaintiff and its use of and rights in the ELEMENT Marks and the goodwill in the ELEMENT Marks. By using Element as its trade name, business name and otherwise to identify its services, Defendant has been unjustly enriched and Plaintiff has been damaged.

58. Further, the use of ELEMENT by Defendant constitutes common law trademark infringement because it is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing services, and by creating the false and misleading impression that the infringing services are authorized by or associated with Plaintiff.

59. Plaintiff's trademarks are entitled to protection under the common law. Plaintiff has extensively and continuously promoted and used its trademarks throughout the United States. Through that extensive and continuous use, Plaintiff's trademarks have become well-known indicators of the origin and quality of Plaintiff's services.

60. Defendant's use of Plaintiff's trademarks has been intentional, willful, and malicious. Defendant knew of Plaintiff's use of the ELEMENT Marks yet used them anyway. Defendant's bad faith is evidenced by Defendant's unlawful use of Plaintiff's ELEMENT Marks and by Defendant's continuing disregard for Plaintiff's rights.

61. Defendant's conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

62. Plaintiff is entitled to injunctive relief and to recover Plaintiff's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all triable issues alleged in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Element Capital Management respectfully prays that this Court enter judgement as follows:

1. Permanently enjoining and restraining Defendant, and any of its owners, managers, agents, servants, employees, successors, and assigns and all those in active concert or participation with any of them,

 (a) Imitating, copying, or making unauthorized use of the ELEMENT Marks or from using ELEMENT or any composite mark that includes ELEMENT for or in connection with the provision of any financial services including in or as part of any trademark, trade name, company name, business name, corporate name, partnership name, general partner name, fund name, domain name, URL, social media username/account name/handle, social media avatar, hashtag, metadata, AdWord, email address, website name or otherwise, and whether or not the uses are visible or in source code or meta data or are intended to generate any search results or sponsored ads or any uses as a key word, ad word, optimized search term, in or for purposes of search engine optimization, or otherwise to influence search results on any search engine;

 (b) Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Plaintiff or that any services provided or funds offered or sponsored or managed by Defendant is in any manner associated or connected with Plaintiff, is sponsored or endorsed by Plaintiff, or is authorized, licensed, or otherwise approved by Plaintiff;

 (c) Registering, applying to register, or maintaining in the US Patent and

15

Trademark Office or any state trademark registry any application for registration or registration for any mark that includes ELEMENT for any financial services;

    (d)    Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the ELEMENT Marks; and

    (e)    Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)–(d) above, inclusive.

2.    Directing that Defendant take all action to change any business name, fund names, social media names, and social media designations including any URL that includes the term ELEMENT, to a name or designation that does not include ELEMENT or any term confusingly similar to ELEMENT.

3.    Directing that Defendants file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

4.    Granting Plaintiff all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and that such sums be trebled pursuant to 15 U.S.C. § 1117.

5.    Granting Plaintiff all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above pursuant to 15 U.S.C. § 1117.

6.    Granting Plaintiff punitive damages.

7.    Granting Plaintiff its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

8.    Granting Plaintiff both pre-judgment and post-judgment interest on each and

every monetary award.

9.	Granting Plaintiff such other and further relief as the Court may consider equitable, just, and proper.

Dated:   January 30, 2023

                                                  LAW OFFICE OF STEVEN BARENTZEN

/s/

Steven Barentzen
17 State Street, Suite 400
New York, NY 10004
Office Phone:  (202) 289-4333
Cell Phone:     (917) 476-0953
Steven@Barentzenlaw.com

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Barbara A. Solomon (bsolomon@fzlz.com)
Kimberly Frumkin (kfrumkin@fzlz.com)
151 W. 42nd Street, Floor 17
New York, New York  10036
Tel:  (212) 813-5900

*Counsel for Plaintiff Element Capital Management LLC*